**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mayra Serna,<br><br>                Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin,<br><br>                Defendant. | No. CV-13-02416-PHX-JZB<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act. (Doc. 38.) For the reasons below, the Court will grant Plaintiff's Motion.

**I.  Background**

On December 10, 2010, Plaintiff Mayra Serna filed an application for Supplemental Security Income benefits under Title XVI of the Social Security Act on behalf of her minor child R.S.S. (Doc. 34 at 1.) Following the initial denial and denial upon reconsideration, the Administrative Law Judge (ALJ) issued a decision finding R.S.S. not disabled within the meaning of the Social Security Act. (*Id.* at 1-2.) Plaintiff appealed this decision to the Appeals Council, which denied review. (*Id.* at 2.) Plaintiff then filed an action for judicial review of the final decision of the Commissioner of the Social Security Administration (SSA). (*Id.* at 1.)

On March 31, 2015, the Court vacated the SSA's decision and remanded to the SSA for further proceedings. (*Id.* at 16.) More specifically, the Court found that the ALJ

erred in weighing the opinions of Dr. Guzman, R.S.S.'s treating psychiatrist, for three reasons. (*Id.* at 9-11.) First, the ALJ failed to provide specific and legitimate reasons supported by substantial evidence for not giving Dr. Guzman's opinions controlling weight. (*Id.* at 9-10.) Second, the ALJ erred in affording substantial weight to the opinions of non-examining sources because those opinions did not consider all of the relevant evidence. (*Id.* at 10.) Third, the Court found the ALJ erred in failing to determine whether Dr. Guzman's opinions were nonetheless entitled to some deference even if not entitled to controlling weight. (*Id.* at 10-11.) Separately, the Court also held that the ALJ erred by failing to obtain a complete case evaluation from a qualified specialist based on the entire record. (*Id.* at 12-14.)

Plaintiff now moves for an award of attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Plaintiff seeks a total of $6,963.65 in fees and argues that Defendant's position was not substantially justified. (Doc. 42 at 2.) Defendant opposes Plaintiff's Motion, arguing that the Court should not award fees because "a reasonable person could think that the government's position—both the ALJ's decision and the Commissioner's litigation position—was correct as it had a reasonable basis in fact and law." (Doc. 41 at 4.)

**II. Legal Standard**

The EAJA provides that the Court:

> shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). An order from the Court reversing the decision of the SSA and remanding for further proceedings, pursuant to sentence four of 42 U.S.C. § 405(g), makes the claimant a "prevailing party" for purposes of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993); *see also Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001) ("An applicant for disability benefits becomes a prevailing party for the purposes

of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded.").

Because the EAJA creates a presumption that a prevailing party is entitled to fees, the government bears the burden of showing that its position was "substantially justified." *Tobeler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014). "Substantial justification means 'justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person.'" *Id.* (quoting *Meier v. Colvin*, 727 F.3d 867 (9th Cir. 2013)). The government's position "must have a reasonable basis both in law and fact." *Id.* (internal quotation marks omitted). The "position of the United States" within the meaning of the EAJA statute includes "both the government's litigation position and the underlying agency action giving rise to the civil action." *Id.* "Where . . . the ALJ's decision was reversed on the basis of procedural errors, the question is *not* whether [Defendant's] position as to the merits of [Plaintiff's] disability claim was substantially justified. Rather, the relevant question is whether [Defendant's] decision to defend on appeal the procedural errors committed by the ALJ was substantially justified." *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008). (emphasis in original) (citations omitted).

**III. Analysis**

Defendant does not contest the amount of fees requested, but instead argues that its and the ALJ's positions were substantially justified. (Docs. 41 at 3-6.) The Court disagrees. As the Court explained in its March 31, 2015 Order, the ALJ erred in failing to offer specific and legitimate reasons supported by substantial evidence for not giving Dr. Guzman's opinions controlling weight, based on a longstanding legal standard. *See* 20 C.F.R. § 404.1527(c)(2). The Court finds that Defendant's decision to defend the ALJ's failure to support his weighing of Dr. Guzman's opinions was not substantially justified. *See Shafer*, 518 F.3d at 1072 ("The ALJ rejected a treating physician's opinion in favor of a non-treating physician's opinion without providing clear and convincing reasons, and committed several errors in assessing [Plaintiff's] residual functional capacity. It follows *a fortiori* the government's defense of the ALJ's procedural errors

was not substantially justified, and [Plaintiff] is entitled to attorney's fees under the EAJA."); *Flores v. Shalala*, 49 F.3d 562, 570 n.11 (9th Cir. 1995) (expressing doubt that "the government's decision to defend its actions in court would be substantially justified [when] the underlying administrative decision would not [be substantially justified]").

Furthermore, with respect to the ALJ's failure to have a medical expert evaluate Plaintiff's case based on the entire record, the ALJ had a statutory duty to obtain such an evaluation pursuant to 42 U.S.C. § 1382c(a)(3)(I). As the Court noted in its March 31, 2015 Order, at the time of the ALJ's decision, the state agency consultants' evaluations were more than eight months old and "a significant amount of relevant evidence [had been] added to the record." (Doc. 34 at 13.) Although Defendant asserts that its defense of the ALJ on this point was substantially justified because "the subsequent record contained normal mental status examinations . . . and records from educational professionals establishing that R.S.[S] was at age and grade level and that they had no concerns about R.S.[S]'s communication, physical development, behavior, or social emotional functioning," Defendant concedes that "the state agency consultants did not have the benefit of reviewing the whole record." (Doc. 41 at 6.) Therefore, the Court finds that Defendant's defense of the ALJ's failure to have a medical expert evaluate Plaintiff's case based on the entire record was not substantially justified. Because Defendant's position was not substantially justified and Plaintiff is the prevailing party, Plaintiff is entitled to an award of attorneys' fees.

Plaintiff is seeking $6,963.65 in attorneys' fees. Defendant has not challenged the total amount of fees requested, the hourly rate, or the time expended for the work performed. The Court has reviewed the Itemization of Services attached to Plaintiff's Motion and the work and fees discussed in her Reply, and finds the amounts are reasonable for this case.

Lastly, the check for EAJA fees shall be made payable to Plaintiff. *See Astrue v. Ratliff*, 560 U.S. 586, 589 (2010) (holding that a § 2412(d) fees award is payable to the litigant, not his attorney). The Court will order the check, payable to Plaintiff, be mailed

to Plaintiff's counsel's office.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (Doc. 38) is granted.

**IT IS FURTHER ORDERED** that Plaintiff is awarded $6,963.65 in attorneys' fees. This award shall be payable to Plaintiff and mailed to Plaintiff's attorney.

Dated this 30th day of October, 2015.

Honorable John Z. Boyle
United States Magistrate Judge